UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WONDERFOLD CORPORATION, a California Corporation.<br><br>Plaintiff,<br><br>vs.<br><br>HIGHLINK TRADE LIMITED, a Hong Kong, China Corporation, OMNIFAMILY INC., a California Corporation, OMNIHOME INC., a New Jersey Corporation, GOLDENSEE LIMITED, a Hong Kong, China Corporation, and DOES 1-5 inclusive,<br><br>Defendants. | Case No. 2:24-cv-03280-MWF (AJRx)<br><br>Judge Michael W. Fitzgerald<br>Magistrate Judge A. Joel Richlin<br>Courtroom: 5A<br><br>**ORDER GRANTING STIPULATED PERMANENT INJUNCTION** |

On August 2, 2024, the Court entered a Stipulated Order Re Preliminary Injunction (ECF No. 40.)  Pursuant to an agreed settlement, Plaintiff Wonderfold Corporation and Defendants Highlink Trade Limited, Omnifamily Inc., Omnihome Inc., and Goldensee Limited (collectively, "the Highlink Defendants") have stipulated to make that preliminary injunction permanent.

The Court has read and considered the papers related to the Stipulated Order Re Preliminary Injunction (ECF No. 40) and this requested Stipulated Order Re Permanent Injunction.

Because the parties agree to a permanent injunction, the Court does not need to analyze the Winter factors.  The terms of the injunction are as follows:

Plaintiff's allegations and this stipulated permanent injunction relate to the Joymor stroller wagon previously sold by Highlink Trade Limited and pictured in the example below:



The Highlink Defendants and all those under their direction or control or in active concert or participation with them, including their respective licensors, licensees, successors, and assigns, and the officers, directors, employees, agents, and representatives thereof, are enjoined from any and all of the following activities:

///

ORDER GRANTING STIPULATED PERMANENT INJUNCTION

1. Producing, selling, offering for sale, distributing, advertising, providing, or promoting, in the United States, any iteration of the Joymor stroller wagon, or any product that so resembles the design of the Wonderfold Stroller as to be likely to cause confusion, mistake, or deception inclusive of:

a. The wheel and folding assemblies described in U.S. Patent No. 10,464,588 C1;

b. The ornamental design of the stroller as described in the U.S. Patent No. D955,301; and

c. The design of the stroller in the unregistered trademark and/or trade dress described as in the shape of a 3D rectangle with panels that raise above the front and back ends of the 3D rectangular shape, side-by-side vertical rectangle-shaped designs on the left and right side of the stroller shape separated and outlined by a thin solid upright rectangle design, two translucent side-by-side panels on the two vertical rectangle-shapes on the left and right side of the stroller, two seats for children appear to float inside the stroller, stroller seats where the seat backs protrude above the rectangle shape and where the seat bottoms are raised above the lower portion of the 3D rectangle shape, a flap with a vertical rectangular shape with rounded corners on the lower portion of the flap that hangs over the left and right side of the stroller, a design with three panels of vertical rectangles with the outer two vertical rectangles in translucent material and the middle pattern in solid fabric on the lower portion of a removable basket on the back of the stroller, a crescent shaped flap over the front pocket of the stroller, an overhead canopy with distinctive rounded edges, a distinctive three-ridge design on the clips for the child seats for the stroller, a distinctive three-ridge design on the clips for accessories for the stroller, a distinctive shape when the stroller is folded and with the center flap with a distinctive rectangular

- 3 -

design positioned to hang over the edge of the uppermost portion of the folded stroller, a distinctive capsule-shape for the padding for the



harness for the child seats, a distinctive design containing a multiplicity of interconnecting boat-shapes on the tread of the wheels, two distinctive curves near the insertion point on the folding latch, handlebar button where the outer facing cover for the button is shaped in a distinctive square where the lines of the square curve outward, where the button for the handlebar is on the inside of the handlebar and is rounded and with an indented circle in the center, and where these purely aesthetic, non-functional stroller designs, or a combination thereof are recognized by consumers as the Wonderfold stroller. The first image below showing the child seat for the stroller and the second image below showing the stroller with the child seat installed.

2.     Using the mark WONDERFOLD, described in Registration Nos. 5,977,081 and 5,956,667, in connection with the use described in those registrations.

3.     Upon Plaintiff's written request, any Internet marketplace website operators, administrators, or service providers, or any third party providing such services in connection with a website listing any iteration of the Joymor stroller

- 4 -

ORDER GRANTING STIPULATED PERMANENT INJUNCTION

wagon including without limitation, Walmart, Amazon.com, and eBay.com, and ISPs, who are provided with notice of the injunction, shall immediately temporarily disable service to any and all listings of any iteration of the Joymor stroller wagon. This provision in this Paragraph 3, applies only to the Joymor stroller wagon specifically accused of infringement in this case. If Wonderfold believes that any other, future products of Defendants violate this injunction, Wonderfold shall provide written notice to counsel for the Highlink Defendants at least ten days prior to submitting a request to disable the listing, setting forth the factual and legal basis for the request, to allow the parties to engage in good faith discussions.

4.      For the avoidance of doubt, this injunction does not prohibit the Highlink Defendants from designing, manufacturing, importing, distributing, selling, or offering to sell any products that do not infringe the patents, trademarks, and/or trade dress referenced herein.

**IT IS SO STIPULATED.**

Dated: February 20, 2026                LAW OFFICES OF NIRIA M. ARVIZU

                                        By: ___/s/_____
                                        Niria M. Arvizu
                                        Attorney for Plaintiff,
                                        Wonderfold Corporation

Dated: February 20, 2026                THOMPSON HINE LLP

                                        By: ___/s/_____
                                        Rachael L. Rodman (*pro hac vice*)
                                        Attorney for the Highlink Defendants

**IT IS SO ORDERED.**

Dated: February 23, 2026                _____
                                        MICHAEL W. FITZGERALD
                                        United States District Judge

ORDER GRANTING STIPULATED PERMANENT INJUNCTION